UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                      Plaintiff,          Civil Action No.

v.

**COMPLAINT**

FARIBAULT FOODS, INC.,

**Jury Trial Demanded**
                      Defendant.         **Class Action (Non-Rule 23)**

---

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices in the nature of employment discrimination on the basis of national origin. Defendant Faribault Foods, Inc., ("Employer") discriminated against Francisco Mendez, Walter Perez, Veronica Ortiz, Isabel Cabeza, Moises Alvarez, Jose Rodriguez, Alba Teletor, and Alicia Moreno, and others similarly situated, by discriminating based upon national origin in hiring, promotion and job assignment, and discipline/demotion and discharge, in its Faribault, Minnesota facility. It further asserts that Francisco Mendez was retaliated against for opposing matters made unlawful.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

1

SCANNED
SEP 14 2007
U.S. DISTRICT COURT MPLS

(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1), 42 U.S.C. 2000e-5(f)(1).

4. At all relevant times, Defendant Faribault Foods, Inc., (the "Employer"), has continuously been and is now a Minnesota corporation doing business in the State of Minnesota and the City of Faribault, Minnesota and has continuously had and does now have at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Francisco Mendez, Walter Perez, Veronica Ortiz, Isabel Cabeza, Moises Alvarez, Jose Rodriquez,

Alba Teletor, and Alicia Moreno ("Charging Parties") filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      From at least 2001, Defendant Employer has engaged in and is continuing to engage in unlawful employment practices at its Faribault, Minnesota facility, in violation of Section 703 (a)(1) and 703(a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and §2000e-2(a)(2), and Section 704 of Title VII, 42 U.S.C. §2000e-3.

8.      During this time period, Defendant Employer engaged in discrimination based upon national origin against the following Charging Parties:

   a)   Francisco Mendez, Charge No. 265-2004-02073, by maintaining unequal terms and conditions of employment, and disparate treatment with regard to demotion, "Malos" testing, discipline and discharge, and by retaliating for opposing matters made unlawful under Title VII;

   b)   Walter Perez, Charge No. 265-2004-02098, by disparate treatment with regard to discipline and demotion;

   c)   Veronica Ortiz, Charge No. 265-2004-02252, by disparate treatment with regard to hiring;

   d)   Isabel Cabeza, Charge No. 265-2004-02257, by disparate treatment with regard to discipline;

   e)  Moises Alvarez, Charge No. 265-2004-02311, by disparate treatment with regard to discipline and discharge;

   f)  Jose Rodriguez, Charge No. 265-2005-00019, by disparate treatment with regard to discipline;

   g)  Alba Teletor, Charge No. 265-2005-00016, by disparate treatment with regard to discipline and promotion; and

   h)  Alicia Moreno, Charge Nos. 265-2005-00542 and 265-2005-00891, by disparate treatment with regard to discipline and promotion.

  9.  During this time period, Defendant Employer engaged in disparate treatment of and in practices that had a disproportionate impact upon its Hispanic or Latino work force in hiring, promotion and job assignment, Malos testing, and discipline/demotion and discharge, in its Faribault, Minnesota, facility.

  10.  During this time period, Defendant Employer enforced English proficiency requirements for entry-level positions that did not require English proficiency, or where English proficiency was not justified as job-related and consistent with business necessity.

  11.  The effect of the practices complained of above has been to deprive Francisco Mendez, Walter Perez, Veronica Ortiz, Isabel Cabeza, Moises Alvarez, Jose Rodriguez, Alba Teletor, and Alicia Moreno, and others similarly situated, including

other employees who are Hispanic or Latino, of equal employment opportunities and otherwise adversely affect their status as employees because of national origin.

12. The above-complained of unlawful acts were and are done with intent.

## JURY TRIAL REQUEST

The Commission requests a trial by jury on all issues of fact.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for its Hispanic employees, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Francisco Mendez, Walter Perez, Veronica Ortiz, Isabel Cabeza, Moises Alvarez, Jose Rodriguez, Alba Teletor, and Alicia Moreno, and others similarly situated, by providing compensation for past and future nonpecuniary losses resulting from its unlawful employment practices, including without limitation compensation for his/her emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D.   Grant such further relief as the Court deems necessary and proper.

E.  Award the Commission its costs in this action.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

1801 L Street, N.W.
Washington, D.C. 20507

Dated: 9/14/07

John C Hendrickson /LV
JOHN C. HENDRICKSON
Regional Attorney

Dated: 9/14/07

Jean Kamp /LV
JEAN P. KAMP
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-8550

Dated: 9/14/07

LAURIE A. VASICHEK (#0171438)
Senior Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 430
Minneapolis, MN 55401
(612) 335-4061