UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil No.  07-cv-3976 (RHK/AJB) |
| v. | ) ) | |
| FARIBAULT FOODS, INC., | ) ) | |
| Defendant. | ) ) | |

**Related**

| | | |
|---|---|---|
| FRANCISCO MENDEZ, WALTER PEREZ, VERONICA ORTIZ, ISABEL CABEZA, MOISES ALVAREZ, JOSE RODRIGUEZ, ALBA TELETOR, and ALICIA MORENO, individually, and a class of similarly situated persons, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No.  07-cv-3986 (RHK/AJB) |
| v. | ) ) | |
| FARIBAULT FOODS, INC., | ) ) | |
| Defendant. | ) ) | |

# CONSENT DECREE

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (hereinafter the "Commission" or "EEOC") has filed a complaint captioned *EEOC v. Faribault Foods, Inc.*, alleging that Defendant Faribault Foods, Inc. ("Faribault Foods") discriminated against Francisco Mendez, Walter Perez, Veronica Ortiz, Isabel Cabeza, Moises Alvarez, Jose Rodriguez, Alba Teletor, and Alicia Moreno ("Charging Parties") because of their national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964.  It also alleges that Faribault Foods discriminated against a class of Hispanic employees at and applicants to Faribault Foods' operations in Faribault, Minnesota in hiring, promotion, job assignment,

testing, discipline and discharge.  It seeks relief for these Charging Parties and others similarly situated.

Charging Parties and Santos Augusto Arevalo, Joe Camarillo, Otto Campos, Armida Cerritos, Enrique Chavez, Rosa Lidia Clemente, Yolanda Correa, Diana Escamilla, Salvador Fraire, Lorenzo Garcia, Trinidad Gonzalez, Sergio Heredia, Jesse Hernandez, Liliana Limon, Javier Limon, Efrain Martinez, Valentin Ortiz, Jose Luis Ortiz, Martha Ramirez, Fernando Valdez, Julian Villareal, Juana Villareal Trevino, Catalina Del Valle, Jose Barragan, Abila Corleto, Leticia Duran, Silvia Echeverria, Adalberto Gonzalez, Obed Hernandez, Norma Ledesma, Oscar Mares, Immer Martinez, Maria Sandoval, Diana Valazquez, Mayra Rocha, Daniel Quinonez, and Ramon Mejia-Rivera, (hereinafter collectively "Class Representatives") individually and on behalf of similarly situated persons, filed a class action complaint, captioned *Mendez, et al. v. Faribault Foods, Inc.*, alleging violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Minnesota Human Rights Act.  The complaint was filed by the Class Representatives on behalf of a putative class.  The complaint alleged national origin and race discrimination against current and former Hispanic employees and Hispanic applicants with respect to hiring, promotion, compensation, and terms and conditions of employment at Faribault Foods' Faribault, Minnesota facilities.

The EEOC, the Class Representatives, and Faribault Foods engaged in a significant exchange of information, both during the investigation of the charges by the EEOC and during the process of negotiating this resolution.  The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses.

2

All parties to this settlement, including the Class Representatives and putative class members, were represented by counsel knowledgeable in the subject matter area. All parties have participated in the drafting of this Consent Decree.

The EEOC, Class Representatives, and Faribault Foods mutually agreed to submit to mediation in an effort to resolve this matter. During the mediation, the parties consented to an additional exchange of information, including an exchange of expert discovery. Under the supervision of the Mediator, these negotiations have been conducted at arms-length and without collusion. All parties were represented by counsel during these proceedings. The mediation discussions culminated in this Decree.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is

ORDERED, ADJUDGED, and DECREED that the following terms are given approval, subject to a notice to the claimants and a hearing upon the fairness of this proposed Consent Decree as set forth herein:

## I.   JURISDICTION, FINDINGS, AND DEFINITIONS

### A.   JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this action.

### B.   FINDINGS

1.   The purposes of Title VII, 42 U.S.C. § 1981, the Minnesota Human Rights Act, and the public interest will be furthered by the entry of this Decree.

2.   The terms of this Decree constitute a fair and equitable settlement of this action.

3.   This Consent Decree does not constitute an admission by Faribault Foods that it violated any law, ordinance, or regulation or engaged in any improper or

unlawful conduct.  Neither does it constitute a concession by the EEOC and the Class
Representatives on the merits of their claims.  The terms of this Consent Decree were
reached by a process of negotiation and compromise.

### C.   **DEFINITIONS**

1.     "Faribault" means Faribault Foods' operations at its Faribault, MN
facilities.

2.     "Charging Parties" are Francisco Mendez, Walter Perez, Veronica
Ortiz, Isabel Cabeza, Moises Alvarez, Jose Rodriguez, Alba Teletor, and Alicia Moreno.

3.     "Class Representatives" are Francisco Mendez, Walter Perez,
Veronica Ortiz, Isabel Cabeza, Moises Alvarez, Jose Rodriguez, Alba Teletor, Alicia
Moreno, Santos Augusto Arevalo, Joe Camarillo, Otto Campos, Armida Cerritos, Enrique
Chavez, Rosa Lidia Clemente, Yolanda Correa, Diana Escamilla, Salvador Fraire, Lorenzo
Garcia, Trinidad Gonzalez, Sergio Heredia, Jesse Hernandez, Liliana Limon, Javier Limon,
Efrain Martinez, Valentin Ortiz, Jose Luis Ortiz, Martha Ramirez, Fernando Valdez, Julian
Villareal, Juana Villareal Trevino, Catalina Del Valle, Jose Barragan, Abila Corleto, Leticia
Duran, Silvia Echeverria, Adalberto Gonzalez, Obed Hernandez, Norma Ledesma, Oscar
Mares, Immer Martinez, Maria Sandoval, Diana Valazquez, Mayra Rocha, Daniel
Quinonez, and Ramon Mejia-Rivera.

4.     "Class Members" will include all persons entitled to make claims for
relief under this Consent Decree.

5.     For purposes of the equitable and monetary relief provided in this
Decree, and pursuant to Fed. R. Civ. P. 23(b)(3), the "Settlement Class" is and consists of
all current and former Hispanic employees of Faribault Foods, Inc., who have worked at
Faribault at any time on or after September 14, 2001, through the October 9, 2007, and all

4

Hispanic applicants of Faribault who applied to work at Faribault at any time on or after September 14, 2001, through October 9, 2007, except those Hispanic employees or applicants who timely request to opt out of the monetary relief provisions of this Decree.

6.     "Class Counsel" is James H. Kaster, Nichols, Kaster & Anderson, PLLP, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2242.

## II.   SCOPE OF RESOLUTION AND RELEASE OF CLAIMS

### A.   SCOPE OF THE RESOLUTION OF THE EEOC'S CLAIMS

1.     This Decree constitutes the full, final and complete resolution and release of the EEOC's claims in its Complaint that Faribault Foods, at its Faribault, Minnesota facilities, violated Title VII by discriminating against the Charging Parties and similarly situated Hispanic employees and applicants because of their race and national origin.

2.     By entering into this Decree the parties intend to resolve the claims asserted against Faribault Foods in the charges of Francisco Mendez, Walter Perez, Veronica Ortiz, Isabel Cabeza, Moises Alvarez, Jose Rodriguez, Alba Teletor, and Alicia Moreno, and those claims asserted in the EEOC's complaint that Faribault Foods discriminated against these Charging Parties and a class of similarly situated Hispanic employees and applicants at Faribault because of their race and national origin in violation of Title VII.

### B.   RELEASE OF CLAIMS BY THE SETTLEMENT CLASS

Upon Final Approval of the Decree, Faribault Foods will be released and discharged by the Settlement Class from all claims of race and/or national origin discrimination arising under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Minnesota Human Rights Act, prior to the date of this Consent Decree.

5

Notwithstanding the foregoing, for purposes of the remaining provisions of this Decree, Settlement Class members who have filed timely requests to opt-out of the monetary relief provisions of the Decree will not be held to release any claims for individual relief.

### C.    RELEASES OF CLAIMS BY CLASS REPRESENTATIVES

Upon Final Approval of the Decree, the Class Representatives will execute releases separately negotiated by counsel for the Class Representatives and Faribault Foods. Execution of these releases will be a condition precedent of the Class Representatives receiving relief under this Decree.

### III.    TERM

**A.**    The Term of this decree will be two (2) years from the Effective Date hereof. The Effective Date hereof will be the date upon which the District Court enters a final order approving this Consent Decree.

**B.**    If this Consent Decree is not approved by the Court or the settlement set forth in this Consent Decree is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this action as of the date hereof, the terms and provisions of this Consent Decree shall have no further force and effect with respect to the parties and shall not be used in this action or in any proceeding for any purpose; and any Judgment entered by the Court in accordance with the terms of this Consent Decree shall be treated as vacated.

### IV.    ADHERENCE TO TITLE VII

Faribault will not discriminate on the basis of national origin in violation of Title VII or on the basis of race in violation of 42 U.S.C. § 1981 in hiring, assignment, promotion,

testing, discipline, discharge or termination, and will not retaliate against persons who oppose matters made unlawful under Title VII or 42 U.S.C. § 1981.

## V.    ADHERENCE TO THE UNIFORM GUIDELINES ON EMPLOYEE SELECTION PROCEDURES

Faribault will adhere to the Uniform Guidelines on Employee Selection Procedures ("UGESP"), 29 C.F.R. §1607.1, et seq. To the extent that Faribault requires English proficiency for positions at Faribault, it will evaluate this requirement under UGESP.

## VI.   TRAINING AND WORKPLACE COMMUNICATIONS

A.    Faribault will retain an outside trainer to conduct a three-hour diversity training program for managers, which will include instruction regarding cultural sensitivity and the laws against national origin discrimination and retaliation. The training will be on an annual basis during the term of this Decree. An agenda for the training and identification of the outside trainer will be provided to counsel for the EEOC at least one month before the training, and the EEOC counsel can object to either the agenda or the speaker no later than two weeks prior to the training. Faribault will promptly respond to the EEOC's objections.

B.    Faribault will conduct employee orientation in Spanish for employees who wish to receive orientation in Spanish. Faribault will conduct annual safety and workplace policy training in English and Spanish. The Notice setting forth the date and time of the annual training will be made in English and Spanish.

C.    Faribault will provide a Spanish-language interpreter for reviews and disciplinary actions, if requested by an employee involved in the review or disciplinary action. Any person functioning in the interpreter role will be provided with a Code Of Professional Responsibility For Interpreters In The Minnesota State Court System (available online at

http://www.courts.state.mn.us/documents/0/Public/Interpreter_Program/Code_of_Professio nal_Responsibility.doc) and will verify in writing that he/she (1) has read the Code, (2) will render a complete and accurate interpretation, without altering, omitting, or adding anything to the meaning of what is stated or written to the best of his/her ability, and (3) will protect the confidentiality of all privileged and other confidential information acquired through the interpretation service.

## VII.   POSTING AND POLICIES

A.      Faribault will continue to post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30.

B.      Faribault will post safety procedures in English and Spanish.

C.      Faribault will post job openings in English and Spanish.  Within 180 days from the date of this Consent Decree, all job postings will include information regarding English proficiency requirements.

D.      Within 180 days from the date of this Consent Decree, Faribault will translate its orientation materials into Spanish.  Faribault will continue to offer its employee handbook in Spanish.  It will translate into Spanish all written policies, the violation of which could result in discipline (e.g., attendance policies, safety policies, etc.), that are not currently contained in its employee handbook.

## VIII.  DIVERSITY COMMITTEE

A.      Faribault will establish a Diversity Committee of up to 10 people who will serve one-year terms.  Faribault will promote the Diversity Committee to its workforce in English and Spanish.  Nothing herein will bar Faribault from promoting the Diversity Committee in additional languages.

**B.**     Employees may apply for positions on the Diversity Committee.  If more than ten people apply, then members will be chosen randomly, giving preference to non-office workers.

**C.**     The purpose of the Diversity Committee will be to promote and provide feedback regarding diversity efforts of Faribault.  The Diversity Committee will meet on a quarterly basis and will report in writing to management on its meetings.  The Committee is not intended or authorized to negotiate the terms and conditions of employment or to resolve individual grievances or complaints.

## IX.    JOB DESCRIPTIONS AND ADVERTISEMENTS

**A.**     Faribault will review job descriptions and, to the extent not already done, specify English proficiency requirements for each position.

**B.**     Faribault will advertise open positions in a publication targeted at ethnically diverse communities.

## X.     TUITION REIMBURSEMENT

**A.**     Faribault will reimburse employees who wish to improve their English language skills for the cost of English language courses that are successfully completed, pursuant to its tuition reimbursement policy.

**B.**     Faribault will reimburse employees who wish to improve their Spanish language skills for the cost of Spanish language courses that are successfully completed, pursuant to its tuition reimbursement policy.

**C.**     Faribault will promote its tuition reimbursement policy in English and Spanish to remind employees about the policy and explain the policy.

**D.**     Successful completion of relevant language classes will be considered as a positive achievement in an employee's annual evaluation.

XI.   **STATEMENT TO EMPLOYEES**

Faribault Foods' President will publish a statement to Faribault's employees affirming Faribault's commitment to treating all employees with respect and dignity, regardless of race or national origin.

XII.   **TEMPORARY TO REGULAR EMPLOYEES**

**A.**   In the event that Faribault hires temporary employees, it will identify those employees who are holding "temporary to regular" positions and those who are hired for "temporary" positions.

**B.**   Upon completion by "temporary to regular" employees of a temporary period of not more than ninety days, Faribault will provide a written evaluation and determine whether the employee's employment with Faribault will continue as regular employment at will, or, in the alternative, be terminated.  Upon request, Faribault will translate the performance evaluation into Spanish.

**C.**   No "temporary to regular" employee at Faribault will be denied regular employment status after the temporary period because of lack of English proficiency unless English proficiency is an appropriate requirement for the position in accordance with UGESP.  Faribault will notify the EEOC within ten working days if a "temporary to regular" Faribault employee's employment is terminated because of lack of English proficiency.

**D.**   At least annually, Faribault will supply the Diversity Committee with a statement of the national origin and race of all "temporary to regular" employees hired for non-office positions within the preceding year who were not transferred to regular employment status following the temporary employment period of no longer than 90 days.

E.     Nothing in this Consent Decree is intended to alter any employee's status as an "at will" employee.

## XIII.   **TRANSLATION OF DOCUMENTS**

All written communications with the Class Members pursuant to the terms of this Decree, including all notices issued pursuant to this Decree, will be in English and Spanish.  Faribault Foods will pay the cost of the translation services.

## XIV.   **MONETARY REMEDY**

A.     Faribault Foods will make monetary payments in resolution of this matter, as described in the remainder of this Section XIV.

B.     Faribault Foods will make a monetary payment of $465,000 ($900,000, less fees and costs for Class Counsel) to be allocated to the Claims of the Class Representatives.  Prior to the hearing of the Final Approval of this Decree, the EEOC and undersigned Class Counsel will jointly submit proposed distributions to these persons to a third-party neutral decision-maker, who will have the authority to revise the distributions.  Costs associated with the third-party neutral decision-maker shall be borne by the Class Representatives.  Fifty percent of these amounts will be paid subject to tax withholdings based on the Employee's claimed exemptions on file.  Faribault Foods shall issue a form 1099 to each Class Representative for the remaining Fifty percent of these payments.

C.     Faribault Foods will pay each Class Member, other than the Class Representatives, who has worked at Faribault, on Faribault Foods' payroll, at any time on or after September 14, 2001 through October 9, 2007 (the "Employee Class"), who timely files a Claim Form as described in Section XV, an amount based on the Employee Class Member's term of service with Faribault Foods between September 14, 2001 and October 9, 2007 as follows:

| Employee Class Member's Term of Service on Faribault's Payroll Between September 14, 2001 and October 9, 2007 | Payment to Employee Class Member |
|---|---|
| Less than 60 Days | $500.00 |
| At Least 60 Days, but Less Than One Year | $1,500.00 |
| At Least One but Less than Two Years | $2,000.00 |
| At Least Two but Less than Three Years | $2,500.00 |
| Three or More Years | $3,500.00 |

Fifty percent of these amounts will be paid subject to tax withholdings based on the Employee's claimed exemptions on file. Faribault Foods shall issue a form 1099 to each Employee Class member for the remaining Fifty percent of these payments.

D.    Faribault Foods will pay each Applicant Class Member, other than the Class Representatives, who files a timely and complete Applicant Class Member Claim Form, as described in paragraph XV, the sum of $100.00. "Applicant Class Members" are all individuals who (1) applied to work at or worked through a temporary agency at Faribault between September 14, 2001 and October 9, 2007, (2) do not appear on Faribault's payroll between September 14, 2001 and October 9, 2007, and (3) are not Class Representatives. A form 1099 shall be issued to each member of the Applicant Class who files a valid Claim Form as described in Section XV.

E.    Faribault Foods will make a monetary payment (the "Attorneys' Fees Payment") of $435,000 to pay the fees and costs of Class Counsel. Class Counsel in this matter is the following:

James H. Kaster
Nichols Kaster & Anderson, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242

A form 1099 shall be issued to Nichols Kaster & Anderson for this amount. In recognition of this payment, a form 1099 shall also be issued to each member of the Settlement Class

for a pro rata share of the Attorneys' Fees Payment based on the individual's fraction of the total payment to all of the Settlement Class Members.

## XV. CLAIM PROCEDURE

**A.** Within 30 calendar days after the Court's preliminary approval of this Decree, Faribault Foods will transmit to Class Counsel a computer disk containing information in Excel format from its payroll database including the full name, social security number, last known phone number and last known address for each Class Member appearing in Faribault's payroll database.

**B.** Within 10 calendar days of the receipt of the employee data, Class Counsel will mail to all known Class Members at their last known address via first class postage, (1) a Notice of Settlement; and (2) an Employee Claim Form or an Applicant Claim Form, depending upon whether the Class Member is an Employee Class Member or an Applicant Class Member (collectively "original Notice of Settlement and Claim Form"). For all returned mail, Class Counsel will conduct a search for the most recent address. If the search yields a new address, Class Counsel will also mail the Notice of Settlement and Claim Form to the most recent address. Class Counsel will not be required to continue to mail the Notice of Settlement and Claim Form for returned mail after 80 days of the postmarked date of the original Notice of Settlement and Claim Form. In addition, Class Counsel will send a release form to the Class Representatives in a form consistent with **Section II.C** above.

**1.** The Notice to be sent will be in the form of Exhibit B, and approved (or modified) by the Court. It is intended to include:

**(a)** a description of the claims;

**(b)**      the terms of the settlement, including factors that will be considered in distributing the funds;

**(c)**      a statement that the Court will hold a hearing at which time the Court will consider the fairness, adequacy, and reasonableness of the proposed settlement;

**(d)**      a statement that, before the Fairness Hearing, Class Members will be notified of their final distribution, which will be filed with the Court;

**(e)**      instructions regarding opting out; and

**(f)**      a Claim Form and instructions.

**2.**      The Employee Class Member Claim Form will be in the form of Exhibit C. The Applicant Class Member Claim Form will be in the form of Exhibit D.

**C.**      Within 30 calendar days after the Court's preliminary approval of this Decree, Class Counsel will cause to be published, in a periodical designated by EEOC and the Class Representatives as likely to be read by members of the Settlement Class, a notice ("Published Notice") in the form of Exhibit A, inviting individuals who may be members of the Applicant Class to contact Class Counsel for additional information. If any individual responds to the Published Notice, Class Counsel will, within ten days of receipt of the inquiry, mail to such individual an original Notice of Settlement and Claim Form, as described in Section XV.B., above. Class Counsel will provide the EEOC and counsel for Faribault Foods with copies of the Applicant Claims Forms received by Class Counsel. If Counsel for Faribault Foods or the EEOC believe that a particular individual is not a member of the Settlement Class, Counsel for Faribault Foods or the EEOC must notify Class Counsel of this belief within 10 business days of receiving the Claims Forms from Class Counsel. At that time, Class Counsel, the EEOC and counsel for Faribault Foods

will consult in a good-faith effort to determine whether such individual is a member of the Settlement Class. If Class Counsel, the EEOC, and counsel for Faribault Foods cannot agree as to whether an individual is a member of the Settlement Class, the dispute will be submitted to the Court. Unless Class Counsel and counsel for Faribault Foods mutually determine otherwise, any person who receives notice solely pursuant to this subsection will be treated for all purposes under this Consent Decree as a member of the Applicant Class, and will be eligible to receive a monetary payment pursuant to Section XIV.D.

  **D.** Claim Forms will be returnable to Class Counsel. Claim Forms must be actually received by Class Counsel within ninety (90) days of the postmarked date of the original Notice of Settlement and Claim Form. Class Counsel will include the specific date in the Notice of the proposed decree by which the executed Claim Form must be received by the Class Counsel. Any Claim Form received after that date will not be considered timely. Failure to submit a timely Claim Form will disqualify the Class Member from the receipt of any relief under **Section XIV** of this Decree. Claim Forms must be mailed to:

Nichols Kaster & Anderson, PLLP
Attn: James H. Kaster
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Class Counsel shall make Claim Forms available to Faribault Foods for review upon request.

  **E.** If any Class Representative opts out of this settlement, he or she will not be entitled to recover an award pursuant to Section XIV.B., and this Decree shall be voidable at the sole option of Faribault Foods.

## XVI.   HEARING ON CONSENT DECREE

**A.**     The Court will conduct a hearing on the fairness of this Decree on March 20, 2008, at 8:00 a.m.

**B.**     Thirty (30) days before the hearing, the EEOC and Class Counsel will submit to the Court a list of all proposed claimants and proposed monetary distribution for its review and approval as part of the hearing on the fairness of this Decree.  Class Counsel will also notify each claimant of the amount of their proposed distribution and the right to file objections to the proposed Consent Decree.

**C.**     If any person wishes to object to the entry of this Decree, the objector must file with the Court a detailed written statement of the objection.  The objections may be in Spanish or in English.  The objector must file the original objection with the Court and send copies to each of the representatives of the parties listed below, postmarked within twenty-one (21) days after mailing of the notice of the amount of the proposed distribution and the right to file objections:

Holly M. Robbins
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901

Nichols Kaster & Anderson, PLLP
Attn: James H. Kaster
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Laurie A. Vasichek
Equal Employment Opportunity Commission
330 Second Avenue South, Suite 430
Minneapolis, MN  55401

**D.**     The undersigned parties will have the right to respond to any objections.  The parties' responses may be filed with the Court no later than seven (7) days before the hearing.

**E.**     If the Court disapproves any major substantive provision of this Decree, or of the amount of the distributions to the claimants, the parties will not be bound by this proposed Consent Decree in any way and will be free to litigate the issues raised in the Commission's or the Class Representatives' Complaint or to renegotiate any other settlement agreement.

**F.**     If the Court approves this Decree, Class Counsel will mail a Release to the Class Representatives in the form provided for in **Section II.C.** within seven (7) business days.  The Class Representatives will have thirty (30) calendar days to review, execute the Release, and mail it back to the Class Counsel.  If any Class Representative fails to sign the Release, he or she will not be entitled to recover an award pursuant to Section XIV, and the Consent Decree will be voidable at the sole option of Faribault Foods.

**G.**     Upon expiration of the time for submission of Release forms, Class Counsel will notify Faribault of the distribution of the Consent Decree proceeds.  Faribault will, within twenty-one (21) business days, mail the checks for each identified Class Member in the amount of the proposed distribution, less applicable withholdings, to Class Counsel. Class Counsel will, within twenty-one (21) business days, mail checks to each Class Member.  At the same time that Faribault mails the checks for each identified Class Member, Faribault will also mail a check to Class Counsel representing its allocated portion of the settlement proceeds.

## XVII.   PRE-MEDIATION AND MEDIATION AGREEMENTS; CONFLICTS

**A.**     During the course of this litigation and settlement negotiation, Class Counsel and Faribault Foods' counsel entered into a Pre-Mediation Confidentiality Agreement. Further, Class Counsel, the EEOC and Faribault Foods' counsel entered into an Expert Information Exchange Agreement. The parties agree that these agreements shall remain in effect and are enforceable by this Consent Decree. Documents will be returned to the parties as required by these agreements.

**B.**     Class Counsel agree that during the term of this Consent Decree they will not represent any Class Member who is allowed to opt out of the provisions of this Consent Decree in any litigation against Faribault Foods that arises out of, or is related to, Class Claims asserted in this case prior to the expiration of this Consent Decree, because such representation would create a conflict of interest.

## XVIII. REPORTING

**A.**     Faribault will submit to the EEOC on a semi-annual basis a certification of compliance with this Decree. The EEOC may review compliance of the Decree during the term of this Decree upon written notice to Faribault Foods' attorney of record at least ten (10) business days in advance of any inspection of Faribault's documents or premises. Upon such notice, Faribault will allow representatives of the Commission to review Faribault's compliance with this Decree by inspecting and photocopying relevant documents and records, interviewing employees and management officials on their premises, and inspecting their premises.

**B.**     Semi-annually during the term of this Decree, Faribault will notify the EEOC of any complaints of national origin discrimination or retaliation, the name and address of

the person making the complaint, and the disposition of the complaint.  Faribault will submit to the EEOC any documents that the EEOC requests relating to the complaint.

## XIX.  **THE WORK CONNECTION**

The EEOC and Class Representatives Alicia Moreno, Jose Barragan, Joe Camarillo, Enrique Chavez, Diana Escamilla, Jesse Hernandez, Liliana Limon, Veronica Venegas Ortiz, Abila Corleto, Leticia Duran, Silvia Echeverria, Lorenzo Garcia, Oscar Mares, Maria Sandoval, Diana Velasquez, Mayra Rocha, and Daniel Quinonez (hereinafter "TWC Class Representatives") have also filed class action lawsuits against The Work Connection, entitled EEOC v. The Work Connection, Case Number 07-cv-3977 and Moreno, et al. v. The Work Connection, Case Number 07-cv-3985 (hereinafter "the "TWC Lawsuits").  The Work Connection, the EEOC, and the TWC Class Representatives have agreed to enter into a Consent Decree to resolve the TWC Lawsuits.  If the TWC Lawsuits Consent Decree in the TWC Lawsuits is not entered by the Court, then this Consent Decree is voidable by Faribault Foods.

## XX.  **STATEMENT REGARDING MEDIATION**

Pursuant to Minn. Stat. § 572.35, the parties acknowledge that they were, and hereby are again, advised in writing (1) that the mediator has no duty to protect their interests or to provide them with information about their legal rights; (2) that signing a mediated settlement agreement may adversely affect their legal rights; and (3) that they should consult an attorney before signing a mediated settlement agreement if they are uncertain of their rights.

DATE: 10/18/2007 _____

s/Richard H. Kyle _____
Richard H. Kyle
United States District Court Judge

BY CONSENT:

FOR FARIBAULT FOODS, INC:

DATE:  10/12/07

s/Holly M. Robbins
Holly M. Robbins (#260381)
David J. Goldstein (#175572)
Daniel N. Lovejoy (#032646X)
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-8921
HRobbins@faegre.com

FOR CLASS REPRESENTATIVES:

DATE:  10/15/2007

s/James H. Kaster
James H. Kaster(#53946)
Sofia B. Andersson-Stern (#350709)
Nichols Kaster & Anderson, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
(612) 256-3202
kaster@nka.com

FOR PLAINTIFF EEOC:

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street N.W.
Washington, D.C.  20507
(202) 663-4702

John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 W. Madison Street, Suite 2800
Chicago, IL  60661
(312) 353-8551


DATE:  10/15/07                          s/Laurie A. Vasichek
                                         Laurie A. Vasichek (0171438)
                                         Senior Trial Attorney
                                         Equal Employment Opportunity
                                         Commission
                                         330 Second Avenue South, Suite 430
                                         Minneapolis, MN 55401
                                         (612) 335-4061
                                         laurie.vasichek@eeoc.gov

## NOTICE

**TO:   ALL PERSONS OF HISPANIC ORIGIN WHO APPLIED TO WORK OR WORKED THROUGH A TEMPORARY AGENCY IN A POSITION AT FARIBAULT FOODS' FARIBAULT, MINNESOTA FACILITIES BETWEEN SEPTEMBER 14, 2001 AND OCTOBER 9, 2007.**

If you meet the description above, you may be affected by a proposed settlement of a class action lawsuit.  The lawsuit alleges that Faribault Foods discriminated against a class of current and former Hispanic employees and applicants at Faribault Foods' Faribault, Minnesota facility on the basis of national origin and race.  Faribault Foods denies that it discriminated unlawfully or did anything wrong.  You may be eligible for a payment from the settlement, and your legal rights may be affected.

For more information, please contact 612-256-3210 or 877- 249-0013, or visit www.nka.com/ff.



EXHIBIT

A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Equal Employment Opportunity Commission, Plaintiff,
v.                                                    Civil No.  07-cv-3976 (RHK/AJB)
Faribault Foods, Inc., Defendant.

**and**

Francisco Mendez, et al., individually, and a class
of similarly situated persons, Plaintiffs,
v.                                                    Civil No.  07-cv-3986 (RHK /AJB)
Faribault Foods, Inc., Defendant.

---

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.**

---

If you are Hispanic and worked or applied to work in a position at Faribault Foods' Faribault, Minnesota facilities at any time from September 14, 2001 through October 9, 2007, you may be eligible for a payment from a class action settlement.

- The settlement will provide money to pay claims to Hispanic employees or applicants for employment at Faribault Foods' Faribault, Minnesota facilities and to pay attorneys' fees, expert fees, and other costs associated with this case.
- To qualify, you must:
  - Be Hispanic; and
  - Have worked or applied to work in a position at Faribault Foods' Faribault, Minnesota facilities at any time from September 14, 2001 through October 9, 2007.
- Your legal rights are affected, whether you act or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be a part of any other charge or lawsuit against Faribault Foods about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like this settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment.  Give up your rights. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved.  Please be patient.

EXHIBIT

B

# BACKGROUND INFORMATION

## 1. Why did I get this notice?

You have been identified as a Hispanic individual who has worked or applied to work in a position at a Faribault Foods' Faribault, Minnesota facility between September 14, 2001 and October 9, 2007.

You have been sent this notice because you have a right to know about a proposed settlement of two class action lawsuits, and about your options, before the Court decides whether to approve the settlement. If the Court approves this settlement and after any objections and appeals are resolved, payments will be made as approved by the Court. You will be informed of the progress of the settlement.

This notice explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Two lawsuits have been brought against Faribault Foods, Inc. The Equal Employment Opportunity Commission ("EEOC") brought one of the lawsuits. The EEOC's lawsuit is called *EEOC v. Faribault Foods, Inc.*, Case No. 07-cv-3976. The EEOC is the United States government agency that is responsible for enforcing the federal laws that make it illegal to discriminate on the basis of race and national origin.

Forty-five current and former Faribault Foods employees and applicants brought the second lawsuit. This case is known as *Mendez et al. v. Faribault Foods, Inc.*, Case No. 07-cv-3986.

In these cases, the EEOC and the people who sued are called "Plaintiffs." The company the Plaintiffs sued, Faribault Foods, Inc., is called the Defendant. The EEOC is one of the Plaintiffs. The following individuals are also Plaintiffs: Santos Augusto Arevalo, Moises Alvarez, Isabel Cabeza, Joe Camarillo, Otto Campos, Armida Cerritos, Enrique Chavez, Rosa Lidia Clemente, Yolanda Correa, Diana Escamilla, Salvador Fraire, Lorenzo Garcia, Trinidad Gonzalez, Sergio Heredia, Jesse Hernandez, Liliana Limon, Javier Limon, Efrain Martinez, Francisco Mendez, Alicia Moreno, Valentin Ortiz, Jose Luis Ortiz, Veronica Ortiz Venegas, Walter Perez, Martha Ramirez, Jose Rodriguez, Alba Teletor, Fernando Valdez, Julian Villarreal, Juana Villarreal Trevino, Catalina Del Valle, Jose Barragan, Abila Corleto, Leticia Duran, Silvia Echeverria, Adalberto Gonzalez, Obed Hernandez, Norma Ledesma, Oscar Mares, Immer Martinez, Maria Sandoval, Diana Velazquez, Mayra Rocha, Daniel Quinonez, and Ramon Mejia-Rivera.

The Court responsible for these cases is the United States District Court for the District of Minnesota. The judge's name is U.S. District Court Judge Richard H. Kyle. He is responsible for overseeing this class action.

## 2. Why is this a class action?

The individual Plaintiffs listed above are also "Class Representatives." The Class Representatives sued on behalf of people with similar claims. Together those people are a "Class" or "Class Members."

In a class action, Class Representatives sue on behalf of the Class. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

The Court decided that this lawsuit can be a class action and be settled because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal court.

## 3. What are these lawsuits about?

In the lawsuits, the Plaintiffs claimed that Faribault Foods discriminated against current and former Hispanic employees and applicants at Faribault Foods' Faribault, Minnesota facility on the basis of national origin and race with respect to hiring, promotion, compensation, and other terms and conditions of employment. More information about federal laws prohibiting job discrimination can be found at the website of the U.S. Equal Employment Opportunity Commission, www.eeoc.gov.

Faribault Foods denies that it discriminated unlawfully or did anything wrong. The settlement is not an admission of wrongdoing or an indication that any law was violated.

The Plaintiffs sought to obtain money for persons that they believed were discriminated against by Faribault Foods, Inc. because they were Hispanic and to take steps to prevent discrimination against Hispanic workers at Faribault Foods, Inc.

The EEOC, the Class Representatives, and their attorneys believe the settlement described in this notice accomplishes the goals of their lawsuits.

## 4. Why is there a settlement?

The Court did not decide in favor of the EEOC, the Class Representatives, or the Defendants. Instead, all parties agreed to a settlement. The EEOC, the Class Representatives and their attorneys think the settlement is best for everyone who they claim was injured by or exposed to discrimination.

# WHO IS IN THE CLASS

To see if you may receive money as a result of this settlement, you first have to decide if you are a Class Member.

## 5. How do I know if I am part of the Class?

Judge Kyle decided that everyone who fits this description is a Class Member: *All current and former Hispanic Faribault Foods' employees who have been on the Faribault Foods' payroll at Faribault Foods' Faribault, Minnesota facilities at any time between September 14, 2001 and October 9, 2007, and all Hispanic applicants who completed an application through a temporary service or directly through Faribault Foods to work in positions at Faribault Foods' Faribault, Minnesota facilities at any time between September 14, 2001 and October 9, 2007.*

## 6. I'm still not sure if I am included.

If you are still not sure whether you are included, you may ask for free help. You may call (877) 249-0013 and ask if you are part of the settlement. For more information, you may also visit the website of the attorneys for the class, www.nka.com/ff. Or fill out and return the claim form described below, to see if you qualify. **DO NOT CONTACT THE COURT.**

QUESTIONS? CALL 612-256-3210 OR 877-249-0013, OR VISIT WWW.NKA.COM/FF
PARA ESPAÑOL, LLAME AL 612-256-3210 O 877-249-0013, O VISITE WWW.NKA.COM/FF

# THE SETTLEMENT BENEFITS

## 7. What does the settlement provide?

The parties have agreed to a monetary settlement based on the time period that Class Members were on Faribault Foods' payroll for its Faribault, Minnesota operations. If you return a valid Claim Form, you will receive a settlement amount, less tax withholding, based on the following:

| Employee Class Member's Term of Service on Faribault Foods' payroll between September 14, 2001 and October 9, 2007 | Payment |
|---|---|
| Less than 60 days | $500.00 |
| At least 60 days, but less than 1year | $1,500.00 |
| At least 1, but less than 2 years | $2,000.00 |
| At least 2, but less than 3 years | $2,500.00 |
| Three or more years | $3,500.00 |

If you applied to work for Faribault Foods in Faribault or worked for Faribault Foods in Faribault through a temporary agency but were never on Faribault Foods' payroll and if you return a valid Claim Form, you will receive a settlement amount of $100.00.

Class Counsel will ask the Court for attorneys' fees in the amount of $ 345,000 and reimbursement for costs in the approximate amount of $ 90,000. The Named Plaintiffs in the lawsuit will not receive the payments indicated above. Instead, $ 900,000 less attorneys' fees and costs will be shared and distributed among them based upon the facts of their claims.

Additionally, the parties have agreed that Faribault Foods will take certain actions in the workplace to help prevent discrimination on the basis of national origin or race. These actions include the establishment by Faribault Foods of a diversity committee and other steps.

# HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

## 8. How can I get a payment?

To qualify for payment, you must send in a claim form. A claim form is attached to this Notice. You may also get a claim form on the Internet at www.nka.com/ff. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than [CORRECT DATE TO BE FILLED IN BY COUNSEL]. Follow all the instructions on the claim form.

## 9. When would I get my payment?

The Court will hold a hearing on March 20, 2008, to decide whether to approve the settlement. If Judge Kyle approves the settlement, after that, there may be appeals. Resolving appeals can take time, perhaps more than a year. Everyone who sends in a claim form will be informed of the progress of the settlement. Please be patient.

## 10. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, file a charge with the EEOC, or be part of any other lawsuit against Faribault Foods about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the Claim Form, you will release your claims. The Claim Form describes the legal claims you give up if you get settlement benefits.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want keep the right to sue or continue to sue Faribault Foods, on your own, about the legal issues in this case, then you must take steps to exclude yourself from the settlement. Excluding yourself from the settlement is sometimes referred to as opting out of the settlement Class.

### 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Mendez et al. v. Faribault Foods, Inc.* Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than [CORRECT DATE TO BE FILLED IN BY COUNSEL], to:

Nichols Kaster & Anderson, PLLP
Attn: James H. Kaster
Faribault Foods Exclusions
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

To ensure that your exclusion letter is received, it is recommended that you send it via certified mail. You cannot exclude yourself on the phone or by email.

If you ask to be excluded, you will not get any settlement payment and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Faribault Foods in the future.

### 12. If I don't exclude myself, may I sue Faribault Foods for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Faribault Foods for the claims that this settlement resolves. If you have a pending lawsuit against Faribault Foods, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is [CORRECT DATE TO BE FILLED IN BY COUNSEL].

### 13. If I exclude myself, may I get money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money. If you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Faribault Foods.

### 14. If I am not a part of the Class, do I have to exclude myself?

No. If you are not a part of the class, you do not need to exclude yourself. You can either return a Claim Form to see if you are a part of the Class, or you may do nothing.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court decided that the law firm of Nichols Kaster & Anderson PLLP in Minneapolis, Minnesota is qualified to represent you and all Class Members. The law firm is called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense. More information about Class Counsel is available at www.nka.com.

QUESTIONS? CALL 612-256-3210 OR 877-249-0013, OR VISIT WWW.NKA.COM/FF
PARA ESPAÑOL, LLAME AL 612-256-3210 O 877-249-0013, O VISITE WWW.NKA.COM/FF

## 16. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses up to $435,000, a payment of $465,000 to the Named Plaintiffs and payments to the Class Representatives as indicated above. The Court may award less than these amounts.

# OBJECTING TO THE SETTLEMENT

You may tell the Court that you do not agree with the settlement or some part of it. You may make your objections in Spanish.

## 17. How do I tell the Court that I do not like the settlement?

If you are a Class Member, you may object to the monetary settlement if you do not like any part of it. You may give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Mendez et al. v. Faribault Foods, Inc.* Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Objections must be made in writing.

Mail the objection to all four of these addresses, postmarked no later than [CORRECT DATE TO BE FILLED IN BY COUNSEL]:

**COURT**
Clerk of the Court
United States District Court for the
District of Minnesota
316 N. Robert Street
St Paul, MN 55101

**CLASS COUNSEL**
James H. Kaster
Nichols Kaster & Anderson, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

**DEFENSE COUNSEL**
Holly Robbins
Faegre & Benson,LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402

**EEOC COUNSEL**
Laurie Vasichek
EEOC
330 2nd Ave. S., Suite 430
Minneapolis, MN 55401

## 18. What is the difference between objecting and excluding myself from the class?

Objecting is simply telling the Court that you do not like something about the settlement. You may object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

## 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at 8:00 a.m. on Thursday, March 20, 2008, at the United States District Court for the District of Minnesota, 180 E 5th Street #700, St. Paul, Minnesota, in Courtroom 1. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Kyle will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class

QUESTIONS? CALL 612-256-3210 OR 877-249-0013, OR VISIT WWW.NKA.COM/FF
PARA ESPAÑOL, LLAME AL 612-256-3210 O 877-249-0013, O VISITE WWW.NKA.COM/FF

Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Kyle may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Mendez et al. v. Faribault Foods, Inc.*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [CORRECT DATE TO BE FILLED IN BY COUNSEL], and be sent to the Clerk of the Court, Class Counsel, EEOC Counsel, and Defense Counsel, at the four addresses on page 5, in question 18. You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

## 22. What happens if I do nothing at all?

If you do nothing, you will not receive any money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Faribault Foods about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

## 23. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Consent Decree. You may obtain a copy of the Consent Decree by writing to Class Counsel, Nichols Kaster & Anderson, PLLP, Attn: James H. Kaster, 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, or by visiting Class Counsel's website at www.nka.com/ff.

## 24. How do I get more information?

You may call (877) 249-0013 toll free; write to Class Counsel, Nichols Kaster & Anderson, PLLP, Attn: James H. Kaster, 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402; or visit Class Counsel's website at www.nka.com/ff, where you will find answers to common questions about the settlement, a claim form, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

DATE: _____

_____
The Honorable Richard H. Kyle
United States District Judge

# INSTRUCTIONS FOR CLAIM FORM

### Please read the Enclosed Notice of Settlement before completing the Claim Form

**IMPORTANT:** Your claim form **MUST** be postmarked by [TO BE FILLED IN BY COUNSEL].
Enclosed is a self addressed envelope for returning the claim form.

## INSTRUCTIONS FOR CLAIM FORM:

1. It is important to read and follow these instructions carefully, as well as those contained on the Notice of Settlement enclosed with this Claim Form. Failure to follow these instructions may result in your losing benefits to which you might otherwise be entitled.

2. If you do not return this Claim Form postmarked by [TO BE FILLED IN BY COUNSEL], your claim will be rejected and you will lose all rights to receive any money from this settlement. You <u>must</u> mail the Claim Form to:

   Nichols Kaster & Anderson, PLLP
   Attn: James H. Kaster
   4600 IDS Center
   80 South 8th Street
   Minneapolis, MN 55402

3. **Under penalty of perjury**, you must fill out this form completely and accurately.

4. You **must** answer all five questions. Failure to answer all questions may result in your losing benefits to which you might otherwise be entitled.

5. You **must sign and date** the last page of the claim form.

6. By returning this Claim Form postmarked by [TO BE FILLED IN BY COUNSEL], you are releasing your claims against Faribault Foods and that means that you cannot sue, continue to sue, file a charge with the EEOC, or be part of any other lawsuit against Faribault Foods about the legal issues in *this* case.



EXHIBIT

C

i

## CLAIM FORM

**YOUR ANSWERS ON THIS FORM ARE SUBJECT TO PENALTIES FOR PERJURY.
YOU <u>MUST</u> FILL OUT THIS FORM TRUTHFULLY AND COMPLETELY.**

Name
Address
City, State ZIP

1.  Did you ever work at Faribault Foods? _____ **Yes** _____ **No**

2.  Did you work at Faribault Foods through a temporary agency? _____ **Yes** _____ **No**

    2a.  If you answered yes to question 2, what is the name of the temporary agency that placed you at Faribault Foods? _____

    2b.  If you answered yes to question 2, were you offered regular employment from Faribault Foods? _____ **Yes** _____ **No**

    2c.  If you were offered regular employment from Faribault Foods, when were you offered regular employment? **Month** _____ **Year** _____

3.  When did you begin working at Faribault Foods? **Month** _____ **Year** _____

4.  When did you stop working at Faribault Foods?  If known, provide the month and year that you stopped working at Faribault Foods.  If you are still working at Faribault Foods, please write "still employed." _____

5.  In order to receive payment under the settlement, we need your social security number or your tax identification number (ITIN).  Please provide it here: _____

## YOU MUST SIGN AND DATE BELOW:

I, _____ declare **under penalty of perjury** that the information and facts I have stated in this Claim Form are true and accurate to the best of my personal knowledge.  I understand that making a knowingly false statement may subject me to prosecution for perjury.

Signed: _____ Date: _____

**QUESTIONS?** CALL 612-256-3210 OR 877-249-0013, OR VISIT WWW.NKA.COM/FF
PARA ESPAÑOL, LLAME AL 612-256-3210 O 877-249-0013, O VISITE WWW.NKA.COM/FF

ii

# INSTRUCTIONS FOR CLAIM FORM

### Please read the Enclosed Notice of Settlement before completing the Claim Form

**IMPORTANT:** Your claim form **MUST** be postmarked by [TO BE FILLED IN BY COUNSEL]. Enclosed is a self addressed envelope for returning the claim form.

## INSTRUCTIONS FOR CLAIM FORM:

1. It is important to read and follow these instructions carefully, as well as those contained on the Notice of Settlement enclosed with this Claim Form. Failure to follow these instructions may result in your losing benefits to which you might otherwise be entitled.

2. If you do not return this Claim Form postmarked by [TO BE FILLED IN BY COUNSEL], your claim will be rejected and you will lose all rights to receive any money from this settlement. You must mail the Claim Form to:

   Nichols Kaster & Anderson, PLLP
   Attn: James H. Kaster
   4600 IDS Center
   80 South 8th Street
   Minneapolis, MN 55402

3. **Under penalty of perjury**, you must fill out this form completely and accurately.

4. You **must** answer all three questions. Failure to answer all questions may result in your losing benefits to which you might otherwise be entitled.

5. You **must sign and date** the last page of the claim form.

6. By returning this Claim Form postmarked by [TO BE FILLED IN BY COUNSEL], you are releasing your claims against Faribault Foods and that means that you cannot sue, continue to sue, file a charge with the EEOC, or be part of any other lawsuit against Faribault Foods about the legal issues in *this* case.



EXHIBIT
D

i

## CLAIM FORM

**YOUR ANSWERS ON THIS FORM ARE SUBJECT TO PENALTIES FOR PERJURY.
YOU <u>MUST</u> FILL OUT THIS FORM TRUTHFULLY AND COMPLETELY.**

Name
Address
City, State ZIP

1.   Did you ever <u>apply to work</u> at Faribault Foods?          \_\_\_\_\_ **Yes**     \_\_\_\_\_ **No**

    1a.   If you answered yes to question 1, when did you apply to work at Faribault Foods?     **Month** _____  **Year** _____

    1b.   If you answered yes to question 1, which Faribault Foods location did you apply to? _____

    1c.   If you answered yes to question 1, where did you submit your application? \_\_\_\_\_
_____

2.   Did you ever <u>work</u> at Faribault Foods?     \_\_\_\_\_ **Yes**     \_\_\_\_\_ **No**

    2a.   If you answered yes to question 2, did you work at Faribault Foods through a temporary agency?          \_\_\_\_\_ **Yes**     \_\_\_\_\_ **No**

    2b.   If you answered yes to question 2a, what is the name of the temporary agency that placed you at Faribault Foods? _____

3.   In order to receive payment under the settlement, we need your social security number or your tax identification number (ITIN).  Please provide it here: _____

## YOU MUST SIGN AND DATE BELOW:

I, _____declare **under penalty of perjury** that the information and facts I have stated in this Claim Form are true and accurate to the best of my personal knowledge.  I understand that making a knowingly false statement may subject me to prosecution for perjury.

Signed: _____ Date: _____

**QUESTIONS?** CALL 612-256-3210 OR 877-249-0013, OR VISIT <u>WWW.NKA.COM/FF</u>
PARA ESPAÑOL, LLAME AL 612-256-3210 O 877-249-0013, O VISITE <u>WWW.NKA.COM/FF</u>

ii